FIRST STATE INSURANCE COMPANY, Plaintiff–Third Party Plaintiff–Appellee,

v.

MINI TOGS, INC., Defendant–Appellant,

v.

ILLINOIS EMPLOYER INSURANCE OF WAUSAU, Third Party Defendant–Appellee.

No. 86–4716.

United States Court of Appeals, Fifth Circuit.

April 1, 1988.

Rehearing and Rehearing En Banc Denied May 9, 1988.

Henry B. Bruser, III, Alexandria, La., Joe D. Guerriero, Monroe, La., for Mini Togs, Inc.

Kent Breard, Jr., Phillip L. McIntosh, Snellings, Breard, Sartor, Inabnett & Trascher, Monroe, La., for Illinois Employer Ins. of Wasau.

G. Terrell Davis, Robert L. Todd, Atlanta, Ga., Ben R. Hanchey, Monroe, La., R. Dennis Withers, Atlanta, Ga., for First State Ins. Co.

Before CLARK, Chief Judge, BRIGHT* and GEE, Circuit Judges.

* Circuit Judge of the Eighth Circuit, sitting by designation.

PER CURIAM:

Mini Togs, Inc., appeals from the district court's holding that a policy issued to Mini Togs by First State Insurance Company is void. Mini Togs also appeals from the district court's conclusion that Mini Togs' cause of action on separate "dual" policies issued by First State Insurance Company and Illinois Employers Insurance of Wausau had prescribed. We affirm.

## I.

On April 26, 1982, fire destroyed a building owned by appellant Mini Togs, Inc. At the time of the fire Mini Togs held an insurance policy, numbered GC 810194, with First State Insurance Company ("First State"). When the policy was first issued it did not insure the building destroyed by fire. Two months prior to the fire, John McCants, an independent insurance agent, procured an endorsement from First State that added coverage for the building. The building was also insured by "dual" policies with First State and Illinois Employers Insurance of Wausau ("Employers"). The dual policies had been in effect since September 21, 1981.

First State filed a declaratory judgment action on June 25, 1982, asserting that its policy GC 810194 did not provide business interruption coverage. On July 6, 1982, Mini Togs answered and counterclaimed seeking insurance proceeds and penalties based on policy GC 810194 with First State. On September 22, 1982, First State amended its complaint, alleging that policy GC 810194 was void on grounds of fraud, material misrepresentation, and arson.

On September 14, 1984, First State filed a third party complaint seeking contribution from Employers. On July 22, 1985, Mini Togs sought coverage under the dual policies by asserting a counterclaim against First State and a cross claim against Employers. The district court dismissed First State's third party complaint against Employers.

After a bench trial, the district court held that First State policy GC 810194 was void on the basis of misrepresentation and concealment of material facts by Mini Togs.

The district court found that McCants, acting as Mini Togs' agent, had provided inaccurate information and had not revealed material facts. Specifically, the court found that McCants incorrectly told First State that Mini Togs had been in business for 20 years and that the building to be insured was of "Triple A" construction. In addition, the court cited McCants' failure to reveal the previous loss history of Mini Togs and Mini Togs' fire code violations. The district court inferred Mini Togs' intent to deceive from the failure of McCants to fulfill his duty to inform the insurer of facts relevant to analyzing the risk. Later, on September 10, 1986 the trial judge held that Mini Togs' claims against Employers and First State, based on the dual policies, had prescribed.

On appeal, Mini Togs contends that Louisiana law does not allow policy GC 810194 to be voided based on oral misrepresentations, that the lower court's finding of misrepresentation was inadequate and erroneous, and that the claims based on the dual policies had not prescribed. We disagree and affirm.

## II.

The district court did not err by voiding policy GC 810194 based on both the concealment and misrepresentations of material facts by Mini Togs' agent. LSA–R.S. 22:691(F) defines the standard Louisiana fire insurance policy, which must contain the following paragraph:

Concealment, fraud—This entire policy shall be void if, whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto.

This clause, included in policy GC 810194, makes clear that either the concealment or misrepresentation of material facts by the insured voids the policy.

Notwithstanding this provision of the policy, Mini Togs argues that oral mis-

representations cannot be considered by a court in determining whether to void a policy. Louisiana law, however, explicitly recognizes that oral misrepresentations made by an insured during negotiations for an insurance policy can void a policy, if made with the intent to deceive.

> Except as provided in Sub-section (B) of this section and R.S. 22:692, no *oral or written misrepresentation* or warranty made in the negotiation of an insurance contract, by the insured or in his behalf, shall be deemed material or avoid the contract or prevent it attaching, unless the misrepresentation or warranty is made with the intent to deceive. (emphasis added).

LSA–R.S. 22:619(A). This subsection specifically contemplates that oral misrepresentations may cause a policy to be void.

■ Louisiana law does require that in situations where a written application is taken by the insurer, an accurate copy of that application must be attached to a policy. LSA–R.S. 22:618(A) provides that:

> No application for the issuance of any insurance policy or contract shall be admissible in evidence in any action relative to such policy or contract, unless a correct copy of the application was attached to or otherwise made a part of the policy, or contract, when issued and delivered. This provision shall not apply to policies or contracts of industrial insurance subject to R.S. 22:213A(1) and 22:259(2).

This provision does not, however, require exclusion of all evidence of oral misrepresentations. This provision only applies to those instances where a written application for insurance is taken from an insured. Mini Togs contends that notes taken by a First State employee during a telephone conversation with McCants should be considered an application for the insurance.

Louisiana courts have not defined the phrase "written application" as used in LSA–R.S. 22:618(A). According to Black's Law Dictionary, an insurance application is "the preliminary request, declaration, or statement *made by a party* applying for an insurance policy." (emphasis added). The notes taken by First State's employee are clearly not a written request made by, nor made on behalf of Mini Togs.

First State did not take a written application from Mini Togs. Without deciding what the rule may be when a written application for fire insurance is taken, we hold that in cases such as this one, evidence of oral misrepresentations may be considered by a court in determining whether a policy is void.[1]

The court's conclusion that Mini Togs had made material misrepresentations was not clearly erroneous. The critical evidence in this case consisted of competing testimony of witnesses. It is not the province of an appeals court to reweigh evidence or judge the credibility of witnesses. Absent clear error, the trial court's assessment of witness credibility and questions of fact should remain undisturbed by an appellate court. Fed.R.Civ.P. 52(a). *Glass v. Petro–Tex Chemical Corp.*, 757 F.2d 1554 (5th Cir.1985).

■ Fred Rhoads, the vice president of an insurance brokerage firm that placed policy GC 810194 with First State, testified that McCants had failed to provide him with accurate information concerning Mini Togs' prior loss history. According to the same testimony, McCants misrepresented that Mini Togs had been in business for twenty years. Fred Rhoads testified that McCants described the building as being of "Triple A" construction—a building with superior wind and fire resistant features. Testimony also showed that McCants failed

---

1. In contrast, we note that Louisiana statutes pertaining to health and accident insurance specifically provide that:

> The insured shall not be bound by any statement unless made in a written application in the case of domestic industrial insurers, and in the case of other insurers, unless a copy of such application is attached to or endorsed on the policy as a part thereof.

LSA–R.S. 22:219. This section, however, only applies to health and accident insurance. It does not affect the interpretation of fire insurance policies. Had Louisiana lawmakers intended this provision to also prohibit the use of oral statements to void fire insurance policies, surely they would have so stated.

134

to inform Rhoads of fire code violations and of three prior losses in 1980. The court found that he failed to disclose facts even "though those facts went to the nature of the risk to be undertaken." This testimony adequately supports the finding of the district court that Mini Togs misrepresented and concealed material facts.

Mini Togs acknowledges that its theories of liability under the dual policies—based on interruption of prescription by virtue of a solidary obligation as to contents coverage—hinge on the reversal of the district court's judgment on policy GC 810194. Because we affirm that judgment, we do not address these issues.

The district court's judgment is

AFFIRMED.